PROB 12
(Rev. 3/88)

# United States District Court
for

## DISTRICT OF NEVADA - LAS VEGAS

U. S. A. vs. **Vincent Jerome Massey**  Docket No. **CR-S-00-067-HDM**

### Petition on Probation and Supervised Release

COMES NOW **Joseph N. Perez**, PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Vincent Jerome Massey, who was placed on supervision by the Honorable Howard D. McKibben, sitting in the court at Las Vegas, Nevada, on the 27th day of November, 2000, who fixed the period of supervision at **Three (3) Years** and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

### AS PER ATTACHED JUDGEMENT

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

### SEE ATTACHED REPORT

FILED ___ RECEIVED ___
ENTERED ___ SERVED ON ___
COUNSEL/PARTIES OF RECORD

APR 2 4 2003

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

**PRAYING THAT THE COURT WILL ORDER A WARRANT TO INITIATE REVOCATION PROCEEDINGS. THE OFFENDER'S LISTED ADDRESS IS 8033 RYE CANYON, LAS VEGAS, NV 89123.**

ORDER OF COURT

Considered and ordered this **23** day of **April**, 2003 and ordered filed and made a part of the records in the above case.

_____
Howard D. McKibben
Senior U.S. District Judge

Respectfully,

_____
Joseph N. Perez
U.S. Probation Officer

Place    Las Vegas, Nevada

Date    April 17, 2003



Page 2 of Probation Form 12 RE: **Massey, Vincent Jerome**
**Case No.: CR-S-00-067-HDM**
April 17, 2003

### ALLEGED VIOLATIONS OF SUPERVISED RELEASE

1. **The defendant shall not commit another Federal, state, or local crime (General Condition).**

   As previously reported in a violation report dated August 22, 2002, Mr. Massey has been the subject of an investigation by the Las Vegas Metropolitan Police Department for his role in a fraudulent scheme involving stolen checks in case number 03F04639X. Subsequently, a warrant was issued for the offender's arrest on April 8, 2003 for 11 counts of Felony Theft in violation of NRS 205.0832. Bail has been set at $33,000.00.

2. **The defendant shall refrain from incurring any new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer (Special Condition #3).**

   As previously reported in a violation report dated July 15, 2002, the offender submitted a monthly supervision report that revealed that he had used his Visa credit card to purchase a Dell computer valued at $814.05, without first obtaining permission to do so from the probation officer.

3. **The defendant shall provide the probation officer access to any requested financial information, including personal income taxes, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest (Special Condition #4).**

   A) On April 26, 2002, the offender opened a business checking account with the Bank of America. On August 1, 2002, the offender submitted a Probation Form 48A Declaration of Defendant Personal Financial Statement, in which he failed to provide any information regarding the aforementioned account.

   B) In addition, the offender has failed to disclose his interest in a company named Sequoia Nutritional. Records obtained from Bank of America verify that Mr. Massey opened an account under this company name and was the sole signature required for transactions.

4. **The defendant shall pay any such fine or restitution that remains at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet (General Condition).**

   As previously reported in a violation report dated June 17, 2002, the offender failed to maintain the Court ordered restitution payments of $300 per month and was sanctioned with a verbal reprimand at that time. Subsequently, the offender continued his violation status and is currently in arrears $3,310.

5. **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment (Standard Condition #6)**

   On August 30, 2002 and February 25, 2003, the offender was observed entering and exiting an alternate residence located at 6115 Daisy Petal, #101, Las Vegas, NV 89130. According to the offender's monthly supervision reports, he has not changed his place of residence. To date, he has failed to divulge this address to the probation officer.

## EVALUATIVE SUMMARY

On November 27, 2000, Mr. Massey was sentenced to 15 months custody to be followed by a 3 year term of supervised release for Theft, Embezzlement, Misapplication by a bank Employee, and Forfeiture. As conditions of supervised release, the offender was ordered to refrain from criminal activity, not to obtain new lines of credit, provide access to financial information, pay restitution and report any change in residence.

The offender has had the benefit of a prior term of probation at the State level, due to a conviction for Attempted Theft. He was found to have stolen equipment from his employer. As noted in the offender's presentence report, there is an apparent pattern of theft from his previous employers.

Since beginning his term of supervised release, Mr. Massey has been marginally compliant with the conditions of his supervision. However, he is an individual who possesses the life skills necessary to compete within society, but opts to continue involvement with illegal activities. The offender has demonstrated an unwillingness to comply with the terms of his supervision and is a threat to the community. For these reasons and the alleged violations contained herein, we respectfully request that a Warrant be issued and revocation proceedings be initiated.

Sincerely,

JOSEPH N. PEREZ
United States Probation Officer

JNP:jp

APPROVED: 
KEVIN D. LOWRY, Supervising
U.S. Probation Officer

AO 245B (8/96) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

District of **NEVADA**

UNITED STATES OF AMERICA

VINCENT MASSEY

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR-S-00-067-HDM

Leo P. Flangas
Defendant's Attorney

**THE DEFENDANT:**

X   pleaded guilty to count(s)   1 and 2

☐   pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐   was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 656 | Theft, Embezzlement, and Misapplication by a Bank Employee | 6-17-98 | 1 |
| 18 USC §982(a)(2)(A) | Forfeiture | 6-17-98 | 2 |

x _Vincent A Massey_

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) _____

Count(s) _____ is ☐ are  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec.:   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

Defendant's Date of Birth:   04-18-78

Defendant's USM No.:   34848-048

Defendant's Residence Address:

8033 Rye Canyon

Las Nevas, NV 89123

November 27, 2000
Date of Imposition of Judgment

_Howard D McKibben_
Signature of Judicial Officer

HOWARD D. McKIBBEN, Chief U. S. District Judge
Name and Title of Judicial Officer

November 28, 2000
Date

Defendant's Mailing Address:

DEFENDANT:     MASSEY, VINCENT
CASE NUMBER:   CR-S-00-067-HDM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of __fifteen (15) months__.

x _Vincent J Massey_

X    The court makes the following recommendations to the Bureau of Prisons:
Recommend defendant be placed in an institution close to Las Vegas, Nevada. Recommend defendant be placed in intensive confinement program (boot camp) if he is eligible.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____  ☐ a.m.  ☐ p.m.  on _____.

    ☐   as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X   before 1 p.m. on  __January 26, 2001__.

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
       Deputy U.S. Marshal

Judgment—Page  3  of  7

DEFENDANT:    MASSEY, VINCENT
CASE NUMBER:  CR-S-00-067-HDM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    Three (3) years   .

x  *Vincent J. Massey*

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance. Revocation is mandatory for such illegal possession.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

> Revocation is mandatory for refusal to comply with drug testing as directed by the Probation Officer. Upon recommendation of the probation officer, the mandatory drug testing condition is suspended.

X  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 4 of 7

DEFENDANT:      MASSEY, VINCENT
CASE NUMBER:    CR-S-00-067-HDM

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall submit to the search of his person and any property, residence or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to insure compliance with all conditions of release.

2. Defendant shall complete one hundred (100) hours of community service as approved and directed by the probation officer.

3. Defendant shall refrain from incurring any new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. Defendant shall provide the probation officer access to any requested financial information, including personal income taxes, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest.

5. Defendant is restricted from engaging in employment in any institution which is insured by the Federal Deposit Insurance Corporation (FDIC), pursuant to 12 U.S.C. § 1829.

x Vincent A Massey

Judgment — Page 5 of 7

DEFENDANT: MASSEY, VINCENT
CASE NUMBER: CR-S-00-067-HDM

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 120,500 |

x _Vincent A Massey_ (signature)

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . .   $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $   $ _____ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

X  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bank of America | 120,500 | 120,500 | |
| | | | |
| **Totals:** | $ 120,500 | $ 120,500 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| | | Judgment — Page 6 of 7 |
|---|---|---|
| DEFENDANT: | MASSEY, VINCENT | |
| CASE NUMBER: | CR-S-00-067-HDM | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   X   Assessment due and payable immediately.

B   ☐   $ _____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than _____ ; or

D   ☐   in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:
Restitution shall be paid at the rate of twenty per cent (20%) of defendant's prison earnings and a minimum of three hundred dollars ($300) per month while on supervised release, subject to adjustment by the probation officer.

☐   The defendant shall pay the cost of prosecution.

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
1999 Toyota Tacoma, VIN: 4TASN92N2XZ451066 (See Preliminary Order of Forfeiture filed November 27, 2000).

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.